DOWNER <i>v.</i> DOWNER.

Where land was devised charged with the payment of a legacy, and it was accepted by the devisee under proceedings in partition prior to the act of 1840, but the valuation had not been paid, the legatees may proceed in the Orphans' Court for the recovery of their legacies since that act.

Where the legacies are directed to be paid to the executors, for the use of the legatees, and they are dead, the legatees may proceed without raising an administration *de bonis non.*

The petition should not be dismissed for misjoinder of a party plaintiff.

APPEAL from the Orphans' Court of Fayette.

Downer devised certain land to the defendant, " provided that he pay to my executors, for the benefit of the legatees, hereinafter mentioned, $500." The petition of the legatees and one H. Downer, prayed a decree for payment of the legacy. The defendant's answer set up, that H. Downer was not a party in interest, and that the executors of the testator were dead, and administration had not been taken out, and prayed the bill might be dismissed on these grounds. Defendant further denied that he had accepted the land under the will, but on the contrary, averred that in 1834, he had presented a petition to the Orphans' Court for a partition, under which he had taken the land at the appraisement, and that he had entered into recognisances and paid their shares of the valuation to some of the legatees, and was ready to pay the others.

The replication averred that the complainants had not been paid any part of their legacies, and the court dismissed the petition.

*Howell,* for appellant.

*Dawson* and *Veech,* contrà.

*Oct.* 28. ROGERS, J.—In Downer *v.* Downer, 9 W. 63, the rights of the parties in this controversy, under the will of their father, were investigated and decided, and the remedy of the legatees and beneficiaries under the will, clearly defined. It was the opinion of the court then, and we see no reason to alter it now, that the remedy was in the Orphans' Court, under the act of the 24th February, 1834. That the will was proved before the passage of that act, can make no difference, as the case, notwithstanding, comes as well within the words as the spirit of the act. But admitting the jurisdiction of the court, exception is taken to the form of petition. It is said that Hiram Downer is a volunteer, having no interest in the premises. But an Orphans' Court, acting on the principles of a Court of Chancery, will disregard form by striking out parties and adding to the number, if necessary, to reach the justice of the case. The same observation will apply to the second objection; but we are further of opinion that the answer to the respondent's prayer, that the petition may be dismissed for want of sufficient parties, is conclusive. The beneficiaries are the proper parties to the proceedings, and we see no reason for saying an administrator *de bonis non* is required for the purposes of this suit. There is no interest of the estate involved in the controversy which requires

his aid.  And this seems to have been the opinion of the Orphans' Court, for the petition was dismissed, because the court supposed the case was covered by the 3d section of the act of the 13th April, 1840.  That act provides that all proceedings heretofore had in the Orphans' Courts of this commonwealth, for the partition of any testator's estate or estates, wherein partition had been made, or the property taken at the valuation, and sold and conveyed under the order of such court, by executors or administrators, and the proceeds of such sale distributed according to the will of the testator, shall be considered and taken to be as valid and effectual as if such courts had had jurisdiction of the same.  The mischief intended to be remedied is clearly indicated in the act itself. Many persons, under the erroneous supposition that the Orphans' Court had jurisdiction in cases of testacy as well as intestacy, had taken property at the valuation and sale, under the orders of that court, the proceeds of which had been distributed according to the will of the testator.  It was thought just, in such cases, that the sale should be considered and taken as valid and effectual as if the court had jurisdiction.  The objection is alone to the forum, and confined within these limits it is a legitimate and wholesome exercise of legislative authority.  But it would be a libel on their wisdom and justice to impute to them the intention of sanctioning the wrong of depriving innocent persons of property without giving them an opportunity of being heard.  But this would be the inevitable effect of the decisions of the Orphans' Court.  At the September Term, 1839, it was ruled that the petitioners were entitled to their legacies, to be paid out of the land.  The devisees had refused to accept, and the remedy was pointed out, but by the decree of the court, under the construction given to the act, which was intended for a different purpose, they are deprived of all remedy whatever.  It is impossible to make me believe the legislature had the intention to take one man's property and give it to another.

> Decree of the court dismissing the petition is reversed, and a *procedendo* awarded.