## Young *versus* Young.

1. It is error to enter a judgment *quod partitio fiat*, without all the co-tenants having been named of record; unless all the parties in interest are named, no title can pass under the proceedings. And this error is not cured by the mere addition of the name of a co-tenant omitted as one of the defendants after judgment.

2. While the power to amend by the addition of a name omitted through mistake may be liberally exercised, yet no one should be forced on the record at so late a period as to deprive him of any subsequential right that he may have asserted if he had been made a party at the commencement of the proceedings.

January 22d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD; TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1879, No. 47.

This was an action of partition, brought by Thomas Benton Young against William J. McIntire and others.

Under the will of William J. Young, deceased, Thomas Benton and his four sisters, Sarah, Josephine, Mary A. and Emma, took a vested remainder in fee, subject to a life-estate in their mother and the unmarried daughters.

Emma Richardson, one of the daughters, died December 27th 1874, leaving a husband, John Richardson (since deceased), but no issue, and her share descended to her two brothers, Thomas Benton Young, Alfred Young, and her three sisters, Josephine McIntyre, Mary A. Weatherby, and Sarah A. Young, as tenants in common.

The widow of testator died September 1st 1875. These proceedings were commenced in February 1878, by Thomas Benton Young, as plaintiff, against William J. McIntire and Josephine his wife (formerly Young), Sarah A. Young, and Isaac H. Weatherby and Mary his wife (formerly Young), as defendants, and prosecuted to the issuing of an order of sale on June 7th 1878, without naming Alfred Young in any of the proceedings.

On June 26th 1878, a rule was taken to amend the record, by adding the name of Alfred Young as party defendant.

On July 1st 1878, the rule to amend was made absolute; the court, however, set aside the appraisement, and ordered that the appraisers meet again, with notice to Alfred Young of the time and place of such meeting; and also ordered that Alfred Young have leave, upon notice, to take or refuse at the new appraisement.

All the parties refused to take at this appraisement, and the court ordered a sale. Alfred Young had no notice or voice in the selection of the commissioners. He was not named in the *narr.*, and merely notified of the second meeting of the commissioners and the rule to take or refuse the property at their valuation.

Alfred Young took this writ, and alleged that the court erred in making absolute the rule to amend; in ordering a sale, there being

[Young v. Young.]

no proper judgment upon which said order could be predicated; and in entering judgment *quod partitio fiat.*

*Francis S. Cantrell,* for plaintiff in error.—Judgment can be only entered in this summary manner when the defendant agrees to it or makes default: Lafferty v. Beale, 1 Miles 51; 2 Tr. & Haly's Pract. 279, 280.

Alfred Young, who was not named in or served with either summons or *narr.*, by an order of the court, subsequently made, amending the record, is held to be bound by this judgment. Unless a party is named in the *narr.*, in partition, his interest is not affected by the judgment: Blackwell v. Cameron, 10 Wright 236; Richards v. Rote, 18 P. F. Smith 248.

He is also bound by the nomination and appointment of the commissioners, although he had no voice in their selection.

*Charles Henry Jones,* for defendants in error.—It will be presumed that there was enough before the court below to justify it in amending the record by adding his name: Wilson v. Mechanics' Savings Bank, 9 Wright 494; Musser v. Gardner, 16 P. F. Smith 246. The amendment was not irregular, because made after judgment *quod partitio fiat:* Miller on Partition 203; Bailey v. Fairplay, 6 Binn. 454; Ward v. Stevenson, 3 Harris 21; Richter v. Cummings, 10 P. F. Smith 443; Schwartz v. Mauer, 2 W. N. C. 445. As the irregularity, if any exists, is of form only, this court will treat the record as amended: Robertson v. Reed, 11 Wright 115; Trego v. Lewis, 8 P. F. Smith 463; Kelsey v. Nat. Bank of Crawford County, 19 Id. 431.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

This was an action of partition. It was brought by the defendant in error against certain persons interested in the lands, sought to be partitioned, but it wholly omitted to name the plaintiff in error, although he had an estate in fee therein. Regardless of his rights, without naming him in the declaration, and without any notice to him, the case proceeded to judgment *quod partitio fiat.* The parties to the action then agreed upon and nominated three commissioners to make partition. The court appointed them. They reported, valuing the lands. All the parties declined to take at the valuation, and a sale was ordered. At this stage of the proceedings, the court amended the record, by adding the name of the plaintiff in error as party defendant. It then set aside the finding of the commissioners, but ordered them to meet again, with notice to the plaintiff in error, and that he also have leave to take or refuse at the new appraisement. All the parties declining to take at this appraisal, the court ordered a sale. To the action

[Young *v.* Young.]

of the court three errors are assigned, but they may be considered together.

It was manifest error to enter a judgment *quod partitione fiat* without all the co-tenants having been named of record. Unless all the parties in interest were named, no complete title could pass under the proceedings. The title of one not named would remain undisturbed. The error was not cured by the mere addition of the name of the plaintiff in error to the record as one of the defendants, after the judgment. There was no amendment of the *præcipe* or of the *narr*. He was deprived of all opportunity of being heard in opposition to the judgment, and of any voice in the selection of commissioners to pass on the question of partition and appraisement. While the power to amend by the addition of a name omitted through mistake, may be liberally exercised, yet no one should be forced on the record at so late a period as to deprive him of any substantial right that he might have asserted if he had been made a party at the commencement of the proceedings. Here he was compelled to accept appraisers to pass on his rights who had been chosen by others. This was an abuse of the equitable principle which underlies the right of amendment. The amendment ought not to have been allowed.

As the judgment ought not to have been entered, nor the amendment made under the circumstances, the learned judge erred in ordering the sale: Blackwell *v.* Cameron, 10 Wright 236 ; Richards *v.* Rote, 18 P. F. Smith 248. The assignments are therefore sustained.

The order is set aside, and the judgment reversed.