## WILSON'S APPEAL.

An attorney, who has collected money due to an estate, has a claim against the estate for his services, and if not paid is entitled to a citation.

The Orphans' Court may settle disputed claims against a solvent estate.

Where a petition which was defective in not showing facts giving jurisdiction to the Court was granted, it will be treated as amended if the facts are afterwards proved.

Appeal from Orphans' Court of Huntingdon County. No. 156 July Term, 1883.

This was a citation in the Orphans' Court against an administrator to compel payment of an attorney's claim for services. The allegations in the petition were as follows:

That A. Porter Wilson is the administrator of the estate of Gen. A. P. Wilson, deceased, and that more than one year has elapsed since he has filed an account of his administration. Your petitioners, showing that said administrator is indebted to them, prays the Court to award a citation to him to file an account. An account was filed, referred to an auditor, who awarded to Speer & McMurtrie the amount of their claim. Exceptions were then filed by Wilson, and the opinion of the Court upon the exceptions was as follows,

Per Curiam:

The account filed shows a balance of $6,556.60 in favor of accountant; he charges himself with having received, however, over $5,000, but sets over against this a balance in his favor on former account, of more than $12,000, leaving the estate still in debt to him to the amount of $6,556.60. One of the items going to make up the sum received by him since filing his next preceding account, is the sum of $1,300 on a certain judgment obtained by him as administrator of Gen. A. P. Wilson against R. B. Petrikin, Esq., to No. 78 August Term, 1877, for $7,527.20. The suit which resulted in this judgment was brought by the administrator to recover damages from defendant for the wrongful conversion of certain bonds, forming a portion of the assets of the estate. The case having been put at issue, was called for trial at April Term, 1879, and jury sworn, when defendant confessed judgment.

On competent evidence the auditor has found that accountant employed Speer & McMurtrie as his counsel in this matter

—that the defendant, a reputable member of the bar, was formerly counsel for the estate—that they commenced the suit—brought it to issue—put it on the trial list, when after several continuances, it was finally reached and disposed of by the confession of judgment.

The auditor further finds that Speer & McMurtrie, as counsel for the administrator, rendered professional services from June 17th, 1876, up to January 21st, 1880, reasonably worth $407.65 on account of which they were paid $17.65, leaving a balance due them of $390.00. He further finds that $325.00 of this balance was for services in the suit by the accountant against R. B. Petrikin. No other creditor or claimant appeared before the auditor and he appropriated in full to the claims of Speer & McMurtrie, viz:

Balance of debt . . . . . . . . . . $390 00
Int. from April 18th, 1879, to Feb. 6th, 1883 . 88 92

Total . . . . . . . . . . . . $478 92

out of amount received by administrator since former account.

To this distribution the accountant has filed eleven exceptions which may without loss of substance be reduced to three, as follows:

1. The Orphans' Court in the proceedings had before it, on petition of Speer & McMurtrie, to compel accountant to file an account, was without jurisdiction, and therefore the auditor had no authority to make distribution after hearing exceptions, or to hear the exceptions.

2. The Orphans' Court will not settle disputed claims against a solvent estate; the estate of Gen. A. P. Wilson, of which accountant is administrator, being undeniably solvent, and the claim in question being disputed, no distribution of it can be had in the Orphans' Court until the dispute is settled; as a suit is now pending in the Common Pleas on this claim, the auditor should, at least, have deferred action until the event of this suit determined the amount of the claim.

3. Even if the Court had jurisdiction and Speer & McMurtrie were creditors of the estate, on the evidence before him, the auditor allowed more than was due and justly payable out of the estate.

As to the first exception, it is urged that "Speer & McMurtrie are not creditors of the estate of Gen. A. P. Wilson, deceased; if they have a legal claim against anybody, it is against A. P. Wilson individually; if not creditors, then the Orphans' Court acted outside its jurisdiction in compelling accountant to file an account on their petition, and in appointing an auditor to hear and decide on exceptions filed by them."

If Speer & McMurtrie were not creditors of the estate, they belong to no other class of claimants under the statute, and the Orphans' Court is without jurisdiction. Are they on the facts, within any reasonable construction of the law, creditors?

The judgment against Petrikin was in favor of the administrator; the pleadings disclose that the suit was for a wrongful conversion of certain bonds belonging to the estate; $1,300 in value of the judgment was paid to the administrator, which with other funds he carried to the credit of the estate in his account; the debt which seeks distribution to the amount of $325 was incurred in producing this fund; it was part of the very expenses of the administration; as much so as if the securities had been replevined before conversion, and restored intact to the estate. The expenses of administration are always chargeable upon the assets of the estate and those entitled to such expenses are creditors. It does not prove the contrary to say that these assets were put in jeopardy by the wrongful act of the administrator, and therefore he should be personally chargeable with the cost of restoring them; let this be admitted, and it only proves that the administrator, as between him and the estate, should be surcharged with the expense of righting his own wrong, not that those who have rendered valuable service to the estate should look to him personally for compensation. As between the estate and the counsel who represented it in securing this judgment, on which was realized $1,300 for the benefit of the estate, that estate owes its counsel reasonable compensation for their services, and to that extent the counsel are creditors of the estate, and the Orphans' Court has jurisdiction to enforce payment. True, it is held in this State that an attorney has no lien on a

fund collected through his professional efforts for fees; if the fund be in his possession he can deduct fees before paying over to his client, but when he has not possession, he cannot follow the fund by virtue of a lien for fees and enforce his reasonable demand. We do not put our decision on such ground; the administrator is an officer of the Court; he ought to have first paid the counsel fees out of the $1,300 received by him and then have credited the estate with the balance; he did not do so; the Court in the exercise of its jurisdiction over its own officers, at the instance of the creditor has the fund before it for distribution; both equity and public policy require the faithful service in the administration of estates shall be compensated; it would be no more prejudicial to the wise and effective management of estates in the Orphans' Court, that the corrupt and faithless officer, whether administrator or counsel, should be overpaid, than that the faithful officer should not be paid at all; what ought to have been done, the Court with the fund before it will now do.

It is not a case for pro rata distribution as concerns the money realized on the Petrikin judgment. In making distribution the Orphans' Court will adopt equitable rules. "The Orphans' Court in its large and important jurisdiction over executors, administrators, guardians and other trustees, has always been considered a Court of Equity. They adopt the rules and principles of equity as their guide in the settlement of their accounts." Bayley's Appeal, 10 P. F. Smith, 360; Williamson's Appeal, 13 Norris, 236.

A settled rule of equity is, that when a fund is for distribution the necessary costs of ascertaining it and bringing it into Court for those entitled to it, should first be deducted; among such expenses are the costs taxed between solicitor and client which are allowed against the fund; Aspden's Estate, 2 Wallace, Jr., 453; Thompson vs. Cooper, 2 Collyer, 90.

As to the second exception, the later authorities, beginning with Kittera's Estate, 17 Pa. R., 416; hold that the Orphans' Court has jurisdiction in distribution over a solvent as well as an insolvent estate. There was some dispute as to the amount of the claim, but we find no fault with the conclusions of the auditor upon the evidence; he has, by his decision, set-

tled the dispute in the Orphans' Court and we affirm it. The jurisdiction of neither the Orphans' Court nor Common Pleas is exclusive; the dispute may be settled in either. In this case the Orphans' Court having assumed jurisdiction will retain it to final judgment; Dundas' Appeal, 23 P. F. Smith, 474.

As to the third exception, while the evidence sustained the claim of Speer & McMurtrie to payment of $325, out of the $1,300 received on the Petrikin judgment, it does not sustain their claim on this particular fund to full payment of the other items in their account. Nor does the evidence furnish any basis for a pro rata distribution. But we decide nothing as to their right to press for payment in any other form of proceeding—they have leave to withdraw the claim in excess of $325 or to take such other course as to them seems advisable.

We also think the auditor erred in his allowance of interest. The Orphans' Court has jurisdiction and the claim to the amount of $325 is allowed because it was part of the necessary expenses of administration; interest is never allowed on fees, costs of officers, or the compensation of executors, administrators or guardians; if the compensation of counsel is allowed out of the estate because it was properly part of the costs of administration, the same reason for disallowing interest will apply.

Therefore it is ordered that the claim of Speer & McMurtrie to the amount of $325 be allowed out of the fund received by the administrator as shown by his account filed, and all in excess of that amount is disallowed. To this extent the third exception as specified by us, is sustained; all the other exceptions filed by counsel for accountant and heirs are overruled, and the report of the auditor, except as herein modified, is confirmed absolutely. It is further ordered that the costs of this audit be paid out of the estate.

A. P. Wilson, W. A. P. Wilson and Annie D. Wilson then appealed, complaining that the petition did not set forth that Speer & McMurtrie were creditors of the estate. That the Court erred in taking jurisdiction, as the claim was disputed and the estate was solvent.

*D. Caldwell* and *W. H. Woods, Esqs.*, for appellants, argued that no one except an heir, creditor, legatee or distributee can ask for an account, and Speer & McMurtrie were not such creditors; Olewine's Appeal, 4 W. & S., 492; Okeson's Appeal, 2 Gr., 303; Keene's Appeal, 60 Pa., 504; Darrach's Estate, 2 Clark, 454; Dundas' Estate, 73 Pa., 481; Halsey vs Tate, 52 Pa., 313; Moulson's Estate, 1 Brew, 301; Patterson vs. McCarty, 1 Penny, 491; Soliday vs. Bissey, 12 Pa., 347; Kline vs. Guthart, 2 P. & W., 491; McClintock's Appeal, 29 Pa., 360; Cobaugh's Appeal, 24 Pa., 143; . ilson vs. Dunbar, 26 .Pa., 475; Wickersham's Appeal, 64 Pa., 67; Schott vs. Sage, 4 Phila., 87; Sterrett's Appeal, 2 P. & W., 426; Stephens' Appeal, 56 Pa., 409; Mumper's Appeal, 3 W. & S., 441; Dietrich's Appeal, 2 Watts, 332; Royer's Appeal, 13 Pa., 569; Withers' Appeal, 13 Pa., 582; Schenck's Appeal, 5 Watts, 84; Gossner's Estate, 6 Whar., 401; Torrance vs. Torrance, 53 Pa., 511. By bringing suit in the Common Pleas Speer & McMurtrie ousted the jurisdiction of the Orphans' Court; Slyhoof vs. Flitcraft, 1 Ash, 171; Potts' Appeal, 5 Pa., 502; Pollock vs. Lawrence County, 2 Pitts, 138.

*Messrs. Speer & McMurtrie, contra,* cited Cobaugh's Appeal, 24 Pa., 143; Wickersham's Appeal, 64 Pa., 67; Loew's Estate, 12 Phila., 169; Williamson's Appeal, 94 Pa., 236; Lichty vs. Hugus, 55 Pa., 434; Sterrett's Appeal, 2 P. & W., 426; Scott's Estate, 9 W. & S., 98; Billington's Appeal, 3 R., 48; Ammons' Appeal, 31 Pa., 311; Callender vs. Insurance Co., 23 Pa., 471; Foulk vs. Brown, 2 Watts, 209; Wilson's Estate, 2 Pa., 328; Dent's Appeal, 22 Pa., 514; Mengas' Appeal, 19 Pa,, 222; Bull's Appeal, 24 Pa., 286; Bayley's Appeal, 60 Pa., 354. The Orphans' Court has jurisdiction, even though suit had been commenced in the Common Pleas; Mussleman's Appeal 65 Pa., 480; Everman's Appeal, 67 Pa., 335; Lex's Appeal, 97 Pa., 289; McGettrick's Appeal, 98 Pa., 9; Kimble vs. Carothers, 3 W. N. C., 88; Hammett's Appeal, 83 Pa., 392.

The Supreme Court affirmed the decree of the Orphans' Court on June 9, 1884, in the following opinion,

PER CURIAM:

It must be conceded that the petition for the citation is

defective, and the Court might well have refused the citation by reason thereof. The evidence afterwards taken and the facts found were sufficient to cure the defects. The Court could permit the petition to be amended, or treat it as amended. The facts proved showed the Court had jurisdiction. The petitioners were in fact creditors, and entitled to share in the fund. The Court allowed such sum only as was for services rendered to the administrator for the benefit of the estate, and in the collection of the fund being distributed.

Decree affirmed and appeal dismissed at the costs of the appellants.