## JACOB SHAFFER ET AL. v. DAVID R. EICHERT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 22, 1890—Decided February 17, 1890.

1. Where an ejectment was brought by a plaintiff, in right of his wife, and on trial verdict and judgment were had for the plaintiff, an amendment adding the name of the wife as a necessary co-plaintiff, doing no injury to the defendant, may be made on the argument in the Supreme Court.

2. A case, which comes by appeal and certiorari into the Supreme Court, without an exception taken in the court below to the order or ruling which is specified for error, has nothing upon the record for the Supreme Court to decide, and the judgment of the court below will be affirmed.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 169 July Term 1889, Sup. Ct.; court below, No. 779 December Term 1886, C. P. No. 1.

On January 26, 1887, "Jacob Shaffer, who intermarried with Maria, late Maria Eichert, in the right of said Maria ; Charles F. Schroeder, who intermarried with Elizabeth, late Elizabeth Eichert, in right of said Elizabeth ; Richard H. Grayson, who intermarried with Mary A., late Mary A. Eichert, in the right of the said Mary A. ; George Engwiller, who intermarried with Catharine, late Catharine Eichert, in the right of the said Catharine ; William Glading who intermarried with Louisa, late Louisa Eichert, in the right of the said Louisa, and Adam Eichert, brought ejectment against David R. Eichert, Philip Lantz, and Willaminah Millhouse."

Arguments.

On February 26, 1887, the record was amended by striking out, "who intermarried with Maria, late Maria Eichert, in right of said Maria." Issue.

At the trial on April 15, 1889, before BIDDLE, J., the plaintiffs claimed the property in dispute in right of their wives as heirs-at-law of Catharine Eichert, deceased. David R. Eichert claimed under a deed executed by his mother, Catharine Eichert, to himself; the other defendants held under him. The plaintiffs introduced evidence which tended to show that Catharine Eichert, at the time the deed to the defendant was executed, was an imbecile and incapable of managing her own affairs. The jury returned a verdict in favor of the plaintiffs. No exceptions were taken either to the rulings or the charge of the court.

A rule for a new trial was subsequently discharged, and on June 17, 1889, judgment was entered upon the verdict. On the same day, the defendant entered a rule on the plaintiffs to commence their second action of ejectment within six months. This rule was discharged on June 22, 1889, and on the same day the plaintiffs filed a disclaimer to all right, title and interest in the undivided one seventh of the premises in dispute, and on the same day a writ of habere facias possessionem was issued, on the præcipe of the plaintiffs, for six undivided sevenths of the property. The defendant then entered a rule upon the plaintiffs to set aside the writ, which rule the court subsequently discharged. Thereupon the defendant took this appeal, specifying that the court erred: 1. In discharging the motion made by the defendant for a new trial. 2. In entering judgment upon the verdict for the plaintiffs. 3. In discharging the rule upon the plaintiffs to commence their second action of ejectment within six months, or show cause why the same cannot be brought. 4. In discharging the rule to set aside the writs of habere facias possessionem and fieri facias for costs.

*Mr. William W. Ker* (with him *Mr. Charles Knittel*), for the appellant.

Counsel cited: Atkinson v. Rittenhouse, 5 Pa. 103; Rorer v. O'Brien, 10 Pa. 212; Bratton v. Mitchell, 7 W. 113; Webster v. Webster, 53 Pa. 161; Mobley v. Bruner, 59 Pa. 481; Mackey v. Adair, 99 Pa. 143; North Whitehall Tp. v. Keller,

Opinion of the Court.

100 Pa. 108; Isaacs v. Zugsmith, 103 Pa. 77; Section 4, act of April 13, 1807, 4 Sm. L. 477; Act of May 21, 1881, P. L. 24.

*Mr. J. Willis Martin* and *Mr. J. D. Bennett,* for the appellees.

Counsel cited: Stevick v. Commonwealth, 78 Pa. 460; Easton Bor. v. Water Co., 97 Pa. 554; Penna. Hall, 5 Pa. 204; Rank v. Rank, 5 Pa. 211; Howser v. Commonwealth, 51 Pa. 332; Neil v. Tate, 27 Pa. 208; Beirly v. Stroehecker, 2 W. N. 37; Lewis v. Wallick, 3 S. & R. 410; Woolley's Est., 6 Pa. 351; Battles v. Sliney, 126 Pa. 460; Warfel v. Knott, 128 Pa. 528; Burkholder v. Stahl, 58 Pa. 371; Sipes v. Mann, 39 Pa. 414; McKelvy v. Wilson, 9 Pa. 183; Dorman v. Turnpike Co., 3 W. 126; Aitkin v. Young, 12 Pa. 15; Uplinger v. Bryan, 12 Pa. 219; Snevily v. Egle, 1 W. & S. 480; Moore Tp. Road, 17 Pa. 116; Lower Merion Road, 18 Pa. 238; Robertson v. Reed, 47 Pa. 115.

PER CURIAM:

Upon the argument at bar the plaintiffs moved to amend the record by adding the names of their wives as co-plaintiffs. The property in dispute was claimed by the plaintiffs in right of their wives, and the necessity of having the names of the latter placed upon the record is obvious. This was a mistake amendable below and here. It is a technical matter. The allowance of the amendment in this court can do the defendant no injury, and we will permit it to be made.

The appeal itself is without merit. The case comes up without an exception to anything, and is in effect a motion for a new trial. There is nothing for us to decide.

Judgment affirmed.