## Myers's Estate.

*Executors and administrators — Citation to account — Non-payment of counsel fees—Act of June 7, 1917.*

1. Where, prior to the Act of June 7, 1917, P. L. 447, an executor had neglected to pay the fees of counsel employed by him on behalf of the estate, such counsel had a right to petition for a citation on the executor to file an account.

2. Under the Act of June 7, 1917, every executor or administrator is bound to file an account within six months after administration granted, and if he fails to do so he "may be cited" to file an account.

3. A creditor, if he so desires, may cite the executor to account or he may resort to his suit at law.

4. Counsel of the executor, if he has been unpaid, may cite the executor to file an account.

5. A creditor has fully the same rights, if not more, to cite the fiduciary to account under the Act of June 7, 1917, P. L. 447, as he had under the Act of March 15, 1832, P. L. 135.

6. A petition by counsel of an executor, who has been unpaid, against the executor to file an account, will be dismissed, if in his petition he avers that there is due him an amount specified "on account" for professional services rendered to the estate.

7. The executor is entitled to know the total claim, and especially is this the case where petitioner is claiming for services rendered to two estates.

8. A partial claim on account is not a claim.

Citation on executor to file account.  O. C. Union Co., Jan. T., 1925, No. 4.

*A. A. Leiser*, for citation; *Max L. Mitchell* and *Philip B. Linn*, contra.

POTTER, P. J., March 9, 1925.—Mrs. Valeria R. Myers, the decedent above named, a resident of Lewisburg, died on June 23, 1922, leaving her last will and testament dated March 22, 1919, wherein she appointed The National Savings and Trust Company, of Washington, D. C., as the executor of her estate. She died possessed of an estate of the aggregate value of $800,000 or more. Up to the present time no account has been filed by this executor.

In the due course of the settlement of this estate, this said executor engaged the services of A. A. Leiser, Esq., as its legal counsel, or as one of its legal counsel. From the files in this estate, as well as from remarks made at the argument of this citation on Feb. 12, 1925, we are led to believe that no settlement or payment of fees has so far been arrived at or made.

On Nov. 13, 1924, Mr. Leiser presented his petition, setting out the necessary facts, asking for the issuance of a citation on this executor, directing it to file an account not less than thirty days before the next term of this court, or show cause why they should not do so, and it is this citation that is now before us for disposition.

It is admitted in the answer filed, and it was also admitted at the argument by counsel for the respondent, that this decedent left an estate and that the petitioner is a creditor, so there can be no doubt but that he has a legal standing to petition for the citation.

There is no doubt but that, under the law as it existed prior to the passage of the Act of 1917, this petitioner could compel this executor to file an account: Lightner's Estate, 144 Pa. 272; Laverty's Estate, 30 Dist. R. 507; Clinton's Estate, 8 Dist. R. 661. And the fiduciary *may* be cited by his unpaid attorney: Wilson's Appeal, 3 Walker, 216; Wistar's Estate, 5 W. N. C. 128. And the creditor need make out only a *prima facie* case to entitle him to the citation: Walker's Estate, 277 Pa. 444; Kern's Estate, 11 Lanc. Law Rev. 15. Many more cases could be cited in support of this familiar legal principle, with which we do not wish to burden the record.

Myers's Estate.

Prior to the passage of the Act of June 7, 1917, P. L. 447, the filing of accounts was regulated and controlled by the Act of March 15, 1832, P. L. 135, section 15 of which declared it to be the duty of executors and administrators to make a true and perfect inventory of the property of the deceased, and to make "a just account and settlement thereof in one year, or when legally required."

Under the provisions of this act, as hereinbefore noted, the citation to account was a matter of right on the part of the creditor.

But it is claimed by the respondent that by the Act of June 7, 1917, known as the Fiduciaries Act, more laxity is extended to the accountant, and that instead of it being a matter of right to cite the fiduciary, *he may be cited* to file his account.

Section 46 *(a)* of the Act of 1917 reads as follows: "It shall be the duty of every executor and administrator to file in the register's office a just account of the administration of the estate at the expiration of six months from the time of administration granted, or when thereunto required by the Orphans' Court; and any executor or administrator may be cited to file his account after the expiration of six months from the date of issuance of letters testamentary or of administration, on petition of any person having an interest, present or future, vested or contingent, in the estate of the decedent, or on petition of any creditor of the decedent."

This is the act which regulates and controls matters relating to fiduciaries now and upon which we must base our decision of the contention now before us.

It is first made the *duty* of a fiduciary to file his account at the expiration of six months from the time of administration, and this same duty devolved upon him under the Act of 1832. The word *duty* is defined by Worcester as "That which a man is by natural, moral or legal obligation bound to do." In 19 Corpus Juris, 841, it is defined as "A human action which is exactly conformable to the laws which require us to obey them; the power to command and to coerce obedience; a right due from a person; a service, business or office."

The term is also used in the sense of an obligation, as that which one is bound or under obligations to do, as an obligation to perform some act, or, in a broad sense, every species of obligation. It has also reference to persons designated by the law, as parents, guardian or fiduciaries, who have some duty to perform.

Applying these definitions to the word as used in this act, we must necessarily find that an obligation is cast upon every executor or administrator to file his account within or at the expiration of six months after administration granted. This is a command not to be disregarded by the fiduciary, the act explicitly stating that *every* executor or administrator is to file his account. It will be plainly observed that this means *every* one, not some, nor a special class.

This, then, brings us up to the point as to the procedure in case the six months goes by and no account is filed, in which event, we see no obstacle in the way as provided by the act. After the expiration of the six-month period, the fiduciary *may be cited* to file the account he has neglected to file within that period.

The word *may* means that he is at liberty or is permitted to issue a citation, and in statutes, in its ordinary sense, is permissive, but not mandatory, merely importing permission. And in the sense as used in this statute, it simply

means that this petitioner *may* cite the fiduciary to file an account. There is no compulsion about it, but he may do so if he so desires.

This fiduciary not having complied with the mandate of the Act of 1917, in not having filed the account within the time therein set out, this creditor *may* cite it to do so if he so desires. However, he *may* not cite the fiduciary to file the .account, and *may* resort to his suit at law if he so desires, but he *may* select either method of procedure, and he apparently has chosen the method of citation. There is nothing in this act, as we view it, to prohibit him from so doing.

The Act of 1917 is, by far, more explicit than the Act of 1832, which simply directs the fiduciary to file an account and settlement of the estate, in that it goes into minute details by pointing out that the citation *may* issue at the instance of any person having an interest, present or future, vested or contingent, or of a creditor. This language is not contained in the Act of 1832, and the privilege is explicitly extended to classes not therein mentioned. Its scope is broader and it covers more.

We have at least once before passed upon this same question in Aurand's Estate, 2 D. & C. 536, and we find that Judge Hargest, the President Judge of the Dauphin County Courts, in Laverty's Estate, 30 Dist. R. 507, precisely voices our opinion in the matter. We are irresistibly led to the conclusion that a creditor has fully the same rights, if not more, to cite the fiduciary to account under the Act of 1917 as he had under the Act of 1832.

But now, having disposed of the first proposition presented to us, let us consider the second one.

All fiduciaries are required to publish the fact that they are the representatives of the decedents, requesting all persons having claims against the estate to present them for payment, and those owing the estate to make payment. This is one of the prerequisites in the settlement of an estate. The fiduciary is entitled to know whom to pay and how much he is to pay. He cannot pay if he does not know how much is asked of him. This enactment in the Act of 1917 is practically a re-enactment of that part of the Act of 1832, and its importance is at once suggested by the fact that it is also contained in a later statute which supersedes a former one.

In the contention at bar the petitioner demanded the payment of $12,000 *on account* for professional services. He was requested to name the total amount of his claim, which he has not done. We think the executor has a right to know the full amount of his claim. The Act of 1917 provides that creditors shall present their claims for payment, and when the petitioner demands the payment of $12,000 *on account*, this does not and cannot include his total claim. This amount is not his claim, and we are led to believe that as this sum is demanded *on account*, it is only a part of his claim, the total of which the executor has a right to know.

And, furthermore, in this demand for $12,000 *on account* there is combined services in the estates of William H. Beck and Valeria R. Myers. This paymaster is surely entitled to know how much is claimed for the Beck estate and how much is claimed for the Myers estate. When any one is called upon to pay, he wants to know what he is paying for and how much, and in this case we think this executor is entitled to know the respective sums claimed for the Beck estate and for the Myers estate, and we think it is also entitled to know the total amount of the claim of the petitioner.

We would not expect this petitioner to itemize and set out the charge for each consultation, or each letter written, or each document prepared, with the dates of the same, but we do expect him to advise the executor of the total

amount of his charge, with the amount he claims on each of the two estates he has mentioned in his demand. Till he has done this, we do not think he has complied with the law, nor that he has any standing to cite this executor to account.

Just how the Myers estate is responsible for professional services in the Beck estate, we do not know, and it matters not in the disposition of this citation. That fact will, no doubt, appear later on at the proper time, and we have nothing to do with it in the present proceedings. We do not think this petitioner has filed his *claim* within the meaning and the spirit of the law. A partial claim *on account* is surely not a claim.

And now, to wit, March 9, 1925, for the reasons given in the latter part of this opinion, the citation is discharged.

From Charles P. Ulrich, Selinsgrove, Pa.