## Breyer's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*John G. Kaufman*, for exceptant; *John C. Gilpin*, contra.

Gest, J., June 30, 1933.—Henry Breyer or Henry W. Breyer on January 2, 1924, transferred $25,000 Philadelphia City Loan to Liberty Title & Trust Company, in trust to pay the income to his brother, August B. Breyer, and upon his death to repay the principal to said Henry W. Breyer, or if he be then deceased to his estate. Henry W. Breyer is still living, but August B. Breyer, otherwise Bernard August Breyer, died on June 14, 1932, and Albert T. Bauerle, as administrator of his estate, on December 2, 1932, filed a bill in equity in the Court of Common Pleas No. 5 as of December Term, 1932, No. 724, against Henry W. Breyer individually and Henry W. Breyer, executor of Louisa Breyer, deceased, and other parties, reciting inter alia the deed of trust of January 2, 1924, and praying, inter alia, that the principal of the trust estate in the hands of the Liberty Title & Trust Company be declared to be the property of Bernard August Breyer and paid over to his estate. In this bill the complainant was represented by counsel for the present exceptant. Answers were filed by the trustee and the other defendants, and the suit is still pending in the court of common pleas.

The Liberty Title & Trust Company, as trustee, filed this account in this court on March 22, 1933, showing a balance composed of the City of Philadelphia bonds, less costs, commissions, etc., and a balance of unpaid and accumulated income amounting to $2,784.03. The auditing judge, upon ascertaining that a bill in equity had been filed in the common pleas by the administrator of the deceased cestui que trust against the trustee, in which it was claimed that the trust fund was his property, refused to audit the account and returned the same to the clerk's office.

In so doing, the auditing judge was clearly correct. The Act of June 26, 1931, P. L. 1384, which extended the jurisdiction of this court to the control, removal, discharge and settlement of accounts of trustees of trusts inter vivos, did not take away the jurisdiction of the courts of common pleas and, the jurisdiction being concurrent, it is very clear that the court which has first acquired jurisdiction retains it to the exclusion of the other, just as is the case in partition: Hanbest's Estate, 6 Dist. R. 681; Doyle's Estate, 291 Pa. 263. Otherwise, the variant decrees of the different courts would lead to confusion and injustice. In recognition of this, the orphans' court adopted rule 22(c) that accounts of trustees inter vivos should not be filed in this court where another court has exercised judisdiction over the trust. It was urged by the exceptant that this court should take jurisdiction of the income account at least, but as the principal

from which the income was derived was certainly involved in the equity proceedings we are of opinion that the court should not separate them. The fact that the trustee voluntarily filed the account does not give this court the jurisdiction which it lacks. Otherwise our rules could be easily evaded.

Some stress was laid in the argument upon the fact that the trustee did not present a petition for distribution in the usual way, but it could not have done so because it would have to be averred therein that no other court had acquired jurisdiction, which is not so. No harm was done to the exceptant, who was given by the auditing judge ample opportunity to present his case.

All the exceptions are dismissed and the adjudication is confirmed absolutely.