## Mori v. Howard.

(Decided May 4, 1911.)

### Appeal from Laurel Circuit Court.

1. Judicial Sale to Satisfy Judgment for Uncontested Part of Lien Debt—Where a part of a lien debt is contested, and a part

not, it is not error to render judgment for the uncontested part. But the land in lien should not be sold until the part in controversy has been adjudicated, to the end that only one sale may be necessary. If, however, the whole of the land is sold to pay the judgment for the uncontested part, and a judgment is afterwards rendered in favor of the lien holder for the contested part, he cannot again subject the land although it may have been bought by the judgment debtor.

2. Costs on Counterclaim—Where part of a debt is contested by a counterclaim, and the plaintiff in the action succeeds in recovering any part of the disputed item, he should be allowed his costs growing out of the issues made by the counterclaim.

SAM C. HARDIN for appellant.

E. H. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant brought suit against the appellee on a vendor's lien note for $1,500.00, and to have his lien to secure its payment enforced. The appellee admitted the execution of the note, but asserted a counter-claim for $400.00 on account of a deficit in the number of acres of land upon which the note was a lien. In November, 1909, a judgment was taken in behalf of appellant for the uncontroverted part of the note, and a decree was entered enforcing the lien to secure the payment of this $1,100.00. Under this decree the whole of the land was sold and purchased by appellee for the amount of the judgment, which was more than two-thirds of its appraised value. The costroversy arising upon the counter-claim was prepared for trial and a judgment was entered allowing appellee $291.25 upon his counter-claim. The appellee was also given judgment for his cost, and the appellant was refused a lien upon the land for the balance of the purchase money— $108.75. Of so much of this judgment as awarded appellee $291.25 on his counter-claim, and his cost growing out of the issues raised by the counter-claim, and refused appellant a lien for the balance of the purchase money, the appellant complains and prosecutes this appeal.

The title bond under which appellee purchased the land and in which the lien for the deferred purchase money was retained recites that appellant sold to ap-

pellee a boundary of land, describing it, containing "373 acres, be the same more or less."

Appellee in his counter-claim averred that he purchased the land for $8.74 3-5 an acre, and that appellant agreed with him at the time of the purchase and when the title bond was executed that the boundary contained 373 acres, and that by mistake the title bond failed to set out that the land contained 373 acres and that it was sold by the acre. That afterwards he had the land surveyed, and ascertained that it only contained 341 acres.

A reply, controverting the affirmative matter in the counter-claim completed the pleadings. No evidence was introduced in behalf of appellant and the testimony for appellee was amply sufficient to sustain his contention that he purchased the land by the acre under an agreement with appellant that it contained 373 acres.

It is insisted by counsel for appellant that as the title bond recited that the land contained 373 acres "more or less," that it was a sale of a boundary and that the deficit was not sufficient to justify the allowance of a credit for the amount of it. It is true that the written contract between the parties shows that it was a sale of a boundary and not by the acre, but the evidence was sufficient to warrant the court in reaching the conclusion that the sale was in fact of so many acres and not of a boundary, and that the appellant agreed and represented that there were 373 acres in the tract, and induced by these representations and agreements appellee made the payments and executed the note sued on, which in the aggregate amounts to the price of the land at $8.74 3-5 per acre.

In connection with the judgment for the uncontested sum, appellant was given a judgment against appellee for the costs up to that date, including the cost incident to the sale; and he now insists that as he recovered $108.75 of the disputed amount that he should also have recovered his cost on the issues growing out of the counter-claim. While counsel for appellee insists that the counter-claim was in fact an action against the appellant by the appellee for $400.00, and appellee was allowed $291.25, this carried with it the cost arising on the counter-claim. If the appellee had succeeded in recovering the full amount of his counter-claim, he

would be entitled to cost; but as he did not, it was error to adjudge the cost against the appellant. The appellant sued for $1,500.00—$1,100.00 of this amount was admitted, $400 was disputed; and, as appellant recovered judgment for part of the amount in controversy, this judgment carried with it all the cost. The controverted part of the claim was in fact a suit by appellant against appellee for $400.00 instead of a suit by appellee against appellant for this sum.

The remaining question is—did the court err in refusing to give appellant a lien upon the land for the $108.75. The judgment by default for the $1,100.00, and the order directing a sale of the land to satisfy this judgment was objected to by appellee, but, over his objection the judgment was entered and under it the whole of the land sold to satisfy it. It is conceded by counsel for appellant that if the land had been purchased at the decretal sale by a stranger he would have no lien; but, we do not think the fact that the appellee became the purchaser gives to appellant any more right to his lien than he would have had if the purchaser had been a stranger. Upon motion of appellant and over the objection of appellee, the whole of the land was sold to satisfy the default judgment. By his sale everything upon which appellant had a lien was exhausted. There was no estate left upon which any further lien he might have could operate. When appellee became the purchaser he occupied the same position as would any other purchaser and took the land free from the lien that appellant had to secure his debt. When the appellant obtained a judgment directing a sale of the land, and had the land sold to satisfy it, he took the risk of exhausting his lien by the sale of the entire land. Appellant had the right to take a judgment for the uncontested part of his debt, and to collect it if he could by execution but, when he elected to sell the land, and the whole of it was sold, to satisfy the uncontested part of his debt, his lien was gone. McKibben v. Arndt, 88 Ky., 180.

In Stearns v. Henry, 13 Bush, 413, it was held to be error to order the sale of land to pay the uncontested part of a lien debt, unless the party asserting the lien waived it as to the uncontested part—the Court saying:

"While the personal judgment was proper, the chancellor should not have ordered a sale of the land until the questions arising on the counter-claim had been determined, unless the appellee had waived his lien on the land to that extent, as many sales to satisfy the same lien must necessarily prejudice the interests of the vendee, and result in a sacrifice of the property."

To the same effect is Breckinridge v. Peeble, 19 Ky. L. R., 510.

The court properly refused to give appellant a lien; but, for the error in adjudging the cost of the counter-claim against him, the judgment is reversed.