## Shannon v. Stratton & Terstegge.

(Decided May 31, 1911.)

Appeal from Shelby Circuit Court.

1.  Bill of Exceptions—Record—The fact that papers were used in a jury trial may be shown by an order filing them as parts of the record, or by incorporating them into a bill of exceptions. If neither course is taken they can not be considered upon appeal.

2.  Same—Oral Evidence—Where oral evidence is heard in an equitable action, it must be made a part of the record by a bill of exceptions as in ordinary actions, in order for it to be considered on appeal.

3.  New Trial—Necessity For—Where an issue out of chancery is tried by a jury, it is governed by the same rules that govern trials in ordinary actions; and, in the absence of a motion for a new trial, nothing is presented for review upon appeal except the sufficiency of the pleadings to support the judgment.

4.  Costs on Counterclaim—Where part of a debt is contested by a counterclaim, and the plaintiff succeeds in recovering any part of the disputed item, he should be allowed his costs growing out of the issues made by the counterclaim.

P. J. BEARD and PICKETT & BARRICKMAN for appellant.

RALPH GILBERT for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming on appeal and reversing on cross appeal.

In this action by Stratton & Terstegge for $288, the agreed price of a furnace which they placed in appellant's house, and to enforce a supply-man's lien therefor, the appellant counterclaimed for $1,000 damages for breach of warranty and for injuries to her residence,

and for a cancellation of the contract. Upon appellant's motion the court awarded an issue out of chancery to try the questions of breach and damage. The jury found there had been a breach of the warranty under the contract of sale of the furnace, and that appellant had been damaged in the sum of $25 by reason thereof; whereupon the court entered a judgment for appellees for $288, subject to a credit of $25, and a further credit of the costs of the case, which it adjudged against the appellees.

The defendant prosecutes this appeal from the principal judgment which was against her, and the appellees are prosecuting a cross appeal from that part of the judgment which required them to pay the costs.

1. For error, appellant insists that the pleadings and instructions show that the $25 was claimed and awarded as damages to the building, and, that the jury having found there was a breach of the warranty of the contract of sale, the prayer for its cancellation should have been granted. It is true the pleadings and instructions presented the issues as to the breach of warranty. and the damages to the building, while the accompanying questions for the jury to answer departed from the instructions by requiring them to respond as to the breach of warranty, and the damage by reason thereof.

Appellees, however, have moved the court to strike from the record the questions and instructions, for the reason that they have not been made part of the record by an order of court, or by bill of exceptions, but have been copied into the record by the clerk upon his own motion. This motion will have to be sustained.

"A bill of exceptions, case, or statement found in the record will be disregarded by the appellate court when the record fails to show affirmatively that it was properly allowed and filed in the trial court and thereby made a part of the record, and these facts must be shown by the record proper, independent of the bill itself." (2 Cyc., 1041.)

. The fact that these papers were used in the trial might have been shown by an order filing them as parts of the record, or by incorporating them in a bill of exceptions. L. & N. R. R. Co. v. Finley, 86 Ky., 297. Neither course was taken, and they can not be considered.

2. Appellees also move to strike from the record the bill of evidence containing the evidence heard orally before the jury upon the trial of the issue out of chancery.

The verdict was rendered on October 22, 1909, and there was no motion for a new trial made, or time taken for a bill of exceptions, and no bill of exceptions was ever filed. And, although there is an order in the clerk's transcript, entered at the September term, 1910, showing that the bill of evidence now before us was approved and signed by the judge, and filed as a part of the record on September 28, 1910, that fact does not bring it here as a bill of exceptions. This question was before this court in Dupoyster v. Fort Jefferson Imp. Co.'s Receiver, 28 Ky. Law Rep., 504, and it was there held that where oral evidence is heard in an equitable action, it must be made a part of the record by a bill of exceptions as in ordinary actions, in order for it to be considered on appeal. "An equity case," said Chief Justice Hobson in the Dupoyster case, "must be appealed to this court upon the record before the circuit court; and, if the evidence before the circuit court is heard orally the record must be made up by that court while it has jurisdiction of the case. It can not be left to the reporter to make up the record of the case, nor can the reporter and the circuit judge in vacation, and without an order of the court, make up the record."

The motion to strike the bill of evidence from the record is sustained.

And, as was further said in that case, "the record not disclosing the evidence which was heard before the circuit judge on the exceptions to the report, it must be presumed that he ruled properly in overruling the exceptions."

3. The judgment against appellant will have to be affirmed for the further reason that no motion was made for a new trial.

In Simms v. Lanehart, 19 Ky. Law Rep., 1439, this court announced the rule to be, that where an issue out of chancery is tried by a jury, it is governed by the same rules that govern trials in ordinary actions, and in the absence of a motion for a new trial, nothing is presented for review upon appeal except the sufficiency of the pleadings to support the judgment. See also

Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678, and Hill v. Phillips, 87 Ky., 169.

The clerk's transcript contains many depositions taken by the contending parties; and as the bill of evidence containing the oral evidence has been stricken from the file, we have, at most, the case of an appeal prosecuted upon a part of the evidence only. In such cases the presumption is that the evidence heard by the trial judge sustains his judgment. N. Y. Life Ins. Co. v. Brown's Admr., 139 Ky., 711

But in the absence of a bill of exceptions, the clerk's act in copying the depositions into the record, does not bring them here for review, and they can not be considered. The appeal, therefore, rests upon the pleadings; and as they sustain the judgment, it can not be disturbed.

4. The circuit judge gave judgment against the appellees for the costs of the case for the reason that most of the costs were incurred in the trial of appellant's counterclaim for damages, and because, upon that issue, appellant succeeded to the extent of $25.

That the circuit judge was in error in this ruling was determined in the recent case of Mori v. Howard, 143 Ky., 482, wherein it was held that where part of a debt is contested by a counterclaim, and the plaintiff succeeds in recovering any part of the disputed items, he should be allowed his costs growing out of the issues made by the counterclaim.

And the same rule applies where, as in this case, the counterclaim disputes the entire claim of plaintiff, and the plaintiff nevertheless, recovers anything upon the trial. The case tried was appellees' case; and so long as they recovered anything in the contested issue they were entitled to their costs upon the trial of that issue. If the appellant had succeeded in recovering the full amount of her counterclaim, or an amount equal in size to the appellee's claim set forth in the petition, and thereby sufficient to satisfy it, she would have been entitled to her costs upon that issue, but not otherwise.

For the reasons given, the judgment is affirmed upon the appeal, and reversed upon the cross appeal, with instructions to enter a judgment in conformity with this opinion.