## Nevin et al. v. Catanach et al., Appellants.

*Partition—Land in two counties—Jurisdiction—Averments of bill—Amendment—Act of February 20, 1854, P. L. 89—Appearance —Practice, C. P.*

1. A bill in equity for the partition of land lying in two counties filed in the county in which "the larger part of the estate in value

is situated," but not containing an averment showing conditions of fact required by the Act of February 20, 1854, P. L. 89, that the land was so situated, may be amended to conform to the act although before the amendment is allowed, a petition for partition is filed in the orphans' court of the county in which the smaller part of the land is situated.

2. In such a case, as the court had jurisdiction, and the amendment did not change the cause of action, or prejudice defendants, the amendment when made becomes a part of the bill, as if originally inserted therein. The jurisdiction was therefore not in any way ousted by the proceeding in the other county.

3. An entry of a general appearance for defendants, in such a case, placed them in such a position that they could not enter pleas in bar to the suit, upon the ground of a lack of the statutory averment.

Argued March 27, 1919. Appeal, No. 317, Jan. T., 1919, by certain of defendants, from decree of C. P. No. 3, Philadelphia Co., March T., 1918, No. 5490, on bill in equity in case of David T. Nevin and Jessie C. Nevin, his wife, in the right of said Jessie C. Nevin, v. Margaret N. Catanach et al. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for partition. Before DAVIS, J.

The court entered a decree for partition. Certain of the defendant appealed.

*Error assigned* was the decree of the court.

*A. M. Holding,* with him *Robert T. McCracken* and *Owen J. Roberts,* for appellants.—The bill as originally filed was invalid: King v. Ambrose, 232 Pa. 617; Luther v. Luther, 216 Pa. 1; Frey v. Stipp, 224 Pa. 390; Hogarty v. Phila. & Reading Ry. Co., 255 Pa. 236.

The amendment may not relate back to the date of the filing of the bill where a valuable right has intervened: Sradelman's Est., 23 Pa. Dist. Rep. 403; Phila. v. Hestonville Mantua, etc., R. R. Co., 203 Pa. 38; Card v. Stowers Pork Packing & Provision Co., 253 Pa. 575;

Sutterly v. Fleshman, 48 Pa. Superior Ct. 619; Trego v. Lewis, 58 Pa. 463; Tyrill v. Lamb, 96 Pa. 464; Kille v. Ege, 82 Pa. 102; Riley v. Ins. Co., 12 Pa. Superior Ct. 561.

*John J. Sullivan,* for appellees.—The Act of February 20, 1854, P. L. 89, does not require the averment in a bill in equity for partition proceedings that the larger part of the estate, in value, is situated in the county where the proceedings are brought.

The equity proceedings in the Common Pleas Court, No. 3, of Philadelphia County having been begun before the filing of the petition for partition in the Orphans' Court of Chester County, the former court has exclusive jurisdiction: Davis v. Detwiller, 26 Pa. Dist. Rep. 1110.

Even were it necessary for the plaintiffs to aver that the larger part, in value, of the decedent's real estate is situated in Philadelphia County, such averment in the amendment is to be regarded as a part of the bill in equity, and relates back to the filing of the said bill: Hanbest's Est., 6 Pa. Dist. Rep. 681; Rochester Borough v. Kennedy, 229 Pa. 251; Joynes v. Penna. R. R. Co., 234 Pa. 321; Dick's App., 106 Pa. 589.

OPINION BY MR. JUSTICE MOSCHZISKER, April 28, 1919:

Adam A. Catanach had his homestead in Chester County, where he died, and where his will was probated; May 28, 1918, plaintiffs filed a bill in the Common Pleas of Philadelphia praying partition of decedent's lands, situate in both counties. The bill contained no averment that "the larger part of the estate in value" is located within the ordinary geographic jurisdictional limits of the court below, although such condition of fact is required by Section 1 of the Act of February 20, 1854, P. L. 89, in order to vest "power" in that tribunal "to entertain suits and proceedings......at law or in equity...... for the partition of real estate" lying in "one or more counties."

A general unrestricted appearance was entered for some of the defendants on June 20, 1918, and, on August 8, 1918, for the others. August 12, 1918, defendants demurred, alleging a lack of jurisdiction in the court below, because of the absence of the beforementioned averment. August 23, 1918, plaintiffs, by leave, amended their bill, inserting the words "the larger part in value of the estate of the said Adam A. Catanach, deceased, is, and was at the time of the death of said Adam A. Catanach, situate in the County of Philadelphia."

Subsequently, defendants answered, averring, inter alia, that, between the filing of the bill and the date of the amendment, they had presented their petition to the Orphans' Court of Chester County, praying partition of the same lands described by plaintiffs; that, since the bill in the court below lacked an essential jurisdictional averment at the date of the commencement of defendants' proceedings, July 29, 1918, there was, at that time, no valid prior action pending for the partition of such lands, and, therefore, their petition took precedence of plaintiffs' bill, in effect ousting the latter's suit. The court below overruled this contention by granting "judgment for plaintiffs with leave to proceed"; and, when the case came to hearing, ordered partition. Defendants have appealed.

All parties in interest agreed upon findings of fact, but each side submitted requests for conclusions of law, plaintiffs' being affirmed and defendants' refused. The latter requests, however, raised only the question of jurisdiction already indicated; and that is the sole point pressed on this appeal.

The description of the properties contained in plaintiffs' bill plainly indicates the fact, subsequently inserted by amendment and found by the chancellor, that the larger part in value of decedent's real estate is situated in Philadelphia County; which was at no time denied by appellants.

The court below had jurisdiction in partition (Act of July 7, 1885, P. L. 257, 3 Purd. 3414, par. 28; Doyle v. Brundred, 189 Pa. 113, 119; Brown's App., 84 Pa. 457, 458; Sheridan v. Sheridan et al., 136 Pa. 14, 20), and the amendment neither changed the cause of action (Wilhelm's App., 79 Pa. 120, 134-6; Aultman's App., 98 Pa. 505, 514; Rochester Boro. v. Kennedy, 229 Pa. 251, 273; Joynes v. Penna. R. R., 234 Pa. 321, 327), nor in any substantial sense prejudiced defendants (Dick's App., 106 Pa. 589, 596; Horwitz v. Wohlmuth, 66 Pa. Superior Ct. 321, 324; Shlifer v. Bergdoll, 69 Pa. Superior Ct. 86, 89); hence, when made, it became part of the bill, to all intents and purposes, as if originally inserted therein (Wilhelm's App. and Dick's App., supra; B. & O. R. R. v. McLaughlin, 73 Fed. 519, 521, and 43 U. S. App., 181, 187, opinion by TAFT, J.; 1 Ency. Pl. & Pr. 491-2); and the fact that, after the date of the institution of plaintiffs' proceedings, defendants went into the Orphans' Court of Chester County for partition of the same lands, can in no way oust or affect the jurisdiction of the Common Pleas of Philadelphia, which had previously attached: Sprigg v. Com., T. T. & T. Co., 206 Pa. 548, 555; Jones v. Lincoln S. & T. Co., 222 Pa. 325, 326; opinion of PENROSE, J., in Hanbest's Est., 6 Pa. Dist. R. 681; Finch v. Smith, 146 Ala. 644, 651-2; see also numerous cases cited in 15 Corpus Juris 1134, sec. 583.

Aside from defendants' attack on the pleadings, it must be admitted that, from every aspect, the court below had jurisdiction both of the subject-matter, and, by general unrestricted appearance, of the several defendants (McCullough v. Ry. Mail Assn., 225 Pa. 118, 123-4; Swecker v. Reynolds, 246 Pa. 197, 201-2); with this in mind, the correctness of the rulings hereinbefore made becomes apparent; especially if, for a moment we look at the present proceeding as though it were a common law action, commenced by summons, and consider that, under such circumstances, the absence from the declaration of the averment in question would not constitute a

reason for quashing the writ, or ousting the suit, but, at most, is a mere matter of amendment. Neither the fact nor the law is changed because the action was commenced in equity. Defendants' objection, in substance, simply goes to the manner in which plaintiffs' declaration is drawn, not to the validity of their suit, and, as just said, this may be amended.

In 21 R. C. L. 579, it is stated, "Amendments......
may relate to the correction of mistakes in pleadings; [including the] insertion of jurisdictional averments where these are necessary." Had the court below, either in fact or law, lacked jurisdiction of the subject-matter, a general appearance for defendants could have had no effect (Com. v. Barnett, 199 Pa. 161, 177; Lewisburg B. Co. v. Union County, 232 Pa. 255, 262; Simpson's Est., 253 Pa. 217, 225), and, of course, the amendment in question would have been of no avail; but, under the circumstances in this case, while, perhaps, defendants might insist upon the insertion in plaintiffs' bill of the present, so called, jurisdictional averment, and subsequent proof thereof, yet, after a general appearance, they were not in a position to enter pleas in bar to the suit upon the ground of a lack of such averment, which is practically what was attempted. Schenley v. Allegheny, 36 Pa. 29, 54, and Com. v. Barnett, supra, 178, touch upon the last point.

We conclude that, even if the averment under discussion be classed as necessary (which plaintiffs deny), it was one which, on the facts before us, could be inserted by amendment, notwithstanding the protest of defendants, and the court below did not err in so holding.

The assignments are all overruled and the decree is affirmed at the cost of appellants.