## CHECKETTS v. COLLINGS.

No. 5093.   Decided July 31, 1931.   (1 Pac. [2d] 950.)

*Clarence Baird* and *John A. Bagley,* both of Salt Lake City, for appellant.

*Christenson & Straw,* of Provo, for respondent.

STRAUP, J.

This appeal involves only the question of costs. The action grew out of a collision of two automobiles, one driven by the plaintiff, the other by the defendant. The plaintiff brought an action for damages predicated on alleged negligence of the defendant, and prayed damages in the sum of $250. The defendant filed a general denial, pleaded contributory negligence, and interposed a counterclaim for damages predicated on alleged negligence of the plaintiff growing out of the same transaction, and prayed damages in the sum of $575. The case was tried to the court and a jury. The court fully charged the jury on all the issues, and, in effect, instructed them that, if both the defendant and plaintiff were negligent, etc., neither could recover from the other. The jury rendered a verdict finding "the issues upon the complaint

against the plaintiff and in favor of the defendant, no cause of action; and upon the counterclaim against the defendant and in favor of the plaintiff, no cause of action."

The defendant served and filed a cost bill in the sum of $55.10, and over the objection of the plaintiff was given judgment against the plaintiff in such sum. A motion was also made to strike the bill which was overruled. The plaintiff appeals.

Our statute (Comp. Laws Utah 1917, § 7036) so far as here material is "Costs are allowed of course to the prevailing party in the following cases: * * * 3. In an action for the recovery of money or damages. * * *" Section 7038 provides that "In other actions than those mentioned in section 7036, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

Thus, whether the defendant was or was not entitled to costs is to be determined by a consideration of section 7036, and is dependent upon the question of whether the defendant was or was not "the prevailing party." In such respect, it is the contention of the plaintiff that neither party prevailed in the cause, and thus neither was entitled to costs. On the other hand, it is the contention of the defendant that he prevailed, and hence was entitled to costs.

The authorities on the question are in irreconcilable conflict. In Massachusetts and in New Jersey under statutes similar to ours, it was held that where a counterclaim was interposed to the complaint, and where the verdict was in favor of the defendant on the complaint, and in favor of the plaintiff on the counterclaim, neither party was entitled to costs. *Hartford* v. *Co-operative Mutual Homestead Co.,* 130 Mass. 447, and prior Massachusetts cases there cited; *Lemke* v. *Poulin* (N. J. Sup.) 107 A. 856. The reasons for such ruling, as stated by the Massachusetts courts, are:

"This case is governed by *Caverly* v. *Bushee,* 1 Allen, 292. After the defendant filed its declaration in set-off, both parties were actors, the plaintiff to establish his claim declared on, and the de-

fendant to establish its claim in set-off. The result of the case is that neither party has succeeded in proving his claim, and neither is entitled to costs as the prevailing party. *Lapham* v. *Norris*, 10 Cush. 312."

All that is said in *Lemke* v. *Poulin*, is, by Mr. Justice Swayze, "I think I ought to follow the Massachusetts court in *Hartford* v. *Co-operative Mutual Homestead Co.*, 130 Mass. 447, and the case cited therein. This results in disallowing the costs" which had been awarded to the defendant.

On the other hand, in Minnesota, also under a statute similar to ours, it was held that, under the conditions stated, the defendant was entitled to costs. *Ballard Transfer & Storage Co.* v. *St. Paul City Ry. Co.*, 129 Minn. 494, 152 N. W. 868, 869. The reasons given for such holding are there stated that,

"The plaintiff is the party who starts a lawsuit. The suit terminates in a verdict or decision. If thereby the one who instituted the action obtains nothing, he certainly does not prevail over his adversary. The defendant, receiving a verdict in his favor, is acquitted of wrongdoing towards the plaintiff. In this case there was a counterclaim, but that can have no bearing. * * * The jury found either both to blame, or else neither. In either event plaintiff had no cause to bring suit and make expense for defendant. Had defendant been let alone, it may never have sought redress in court. In actions at law, whether for torts or upon contract, we think it has always been understood, in this state, that the party in whose favor the verdict goes recovers costs and disbursements against the other. And we so hold. The court act here involved, like section 7976, G. S. 1913, contemplates disbursements to the prevailing party in every case. The court has no right to deny those necessarily paid or incurred. They follow the verdict as a matter of course."

A number of cases are there cited as supporting the holding that the defendant, under the conditions stated, was the prevailing party, and entitled to costs. If to be guided by precedent, in ruling on the matter in hand, we thus are required to follow either the Massachusetts rule or the Minnesota rule. We cannot follow both.

In support of the Massachusetts rule, the plaintiff also cites *Kozel* v. *Kozel,* 104 Kan. 530, 180 P. 278. We think the case does not help him much. There, a cause of action for slander was pleaded as a set-off or counterclaim in an action for slander, which under the Kansas statute was permissible. The jury "found for the plaintiff, but found that he was not entitled to damages." The court below divided the costs between the plaintiff and the defendant. Complaint was made of that, the contention of the plaintiff being that he was the prevailing party, and hence was entitled to all his costs, and that the court below erred in apportioning them. The court there said:

"The court [below] divided the cost between the plaintiff and the defendant. Complaint is made of that judgment. To support his contention, the plaintiff argues that the jury found for the plaintiff, and that therefore he was entitled to recover the cost of the action. * * * Judgment was not rendered in favor of either the plaintiff or the defendant. Under the statute, neither was entitled to judgment against the other for all the costs. Each was liable for the costs made by him, and it does not appear that a division of the costs was not a proper adjustment thereof."

It thus appears that the court there upheld a division or apportionment of costs. But under our statute (actions coming under section 7036), no discretion is given the court to divide or apportion costs. They must be awarded to the prevailing party. 7 R. C. L. 783. In *Benson* v. *Braun,* 134 Cal. 41, 66 P. 1, it, under a statute similar to ours, was held that:

"A plaintiff who fails to recover against a defendant is not entitled to any costs against him, notwithstanding his costs were largely incurred in defending against a counterclaim of such defendant, upon which the defendant also failed to recover. In such case the court is allowed no discretion as to the costs."

To the same effect are also the cases of *Shelley* v. *Hart* (Cal. App.) 297 P. 82, and *Jones* v. *Great Northern R. Co.,* 68 Mont. 231, 217 P. 673, 37 A. L. R. 754. We thus think the Kansas case is not applicable.

The plaintiff also cites *Arrow Piece Dyeing & Finishing Co.* v. *T. J. Gallagher Co.*, 130 Misc. Rep. 610, 224 N. Y. S. 361. There a verdict was rendered for the defendant on plaintiff's cause of action and for the plaintiff on the defendant's counterclaim, and where the amount demanded in the counterclaim exceeded the amount demanded in the complaint, and where it was held that the plaintiff was the prevailing party, and, therefore, was entitled to tax costs on the amount demanded in the counterclaim, under the Municipal Court Code, § 164, subds. 1, 2, and 7, notwithstanding no money judgment was recovered by either party. The plaintiff thus says that since he by his complaint demanded judgment for only $250, and the defendant by his counterclaim for $575, and, since neither recovered, the plaintiff warded off more than twice the amount the defendant warded off, and hence the plaintiff and not the defendant prevailed in the lawsuit. The plaintiff does not urge this for the purpose of contending that he now is entitled to costs, he not having filed a cost bill and made no claim for costs in the court below, but for the purpose of showing that the defendant was not the prevailing party, and that hence the court below erred in awarding him costs.

It is to be noted that in the cited case of *Arrow Piece Dyeing & Finishing Co.* v. *T. J. Gallagher Co.*, the court distinguished the case of *Li Mandri* v. *G. Weiss & Sons*, 121 Misc. Rep. 667, 202 N. Y. S. 267, where the plaintiff sued for $1,000 and the defendant counterclaimed for $522.75, and where after trial both the complaint and the counterclaim were dismissed on the merits, and where it was held that the plaintiff was not, but that the defendant was, entitled to costs; that the plaintiff there did not recover in any amount; that his claim was defeated; and that the defendant, notwithstanding his counterclaim also was dismissed, nevertheless was the prevailing party and entitled to costs. In support of that ruling, the cases of *Ballard Transfer & Storage Co.* v. *St. Paul City Ry. Co.*, supra, and *Gibbons* v. *Skinner*, 150 App. Div. 706, 135 N. Y. S. 820, were cited. In the

Gibbons Case, the amount sued for was $28.18, the demand of the counterclaim for $546.97, and, where neither party recovered, it was held that the defendant was the prevailing party, and was entitled to costs. There, as is seen, the amount demanded in the counterclaim greatly exceeded the amount sued for by the complaint, as was the case in *Arrow Piece Dyeing & Finishing Co.* v. *T. J. Gallagher Co.*, and where neither party recovered, yet, it was held that the defendant was the prevailing party, and entitled to his costs.

The apparent conflict in such cases may be reconciled because of different statutes when the cases arose and were tried. That is, *Gibbons* v. *Skinner* was ruled under a statute different from the statute under which the cases of *Li Mandri* v. *Weiss,* and *Arrow Piece Dyeing & Finishing Co.* v. *Gallagher* were ruled. The statute under which the latter cases were ruled is set forth in the case of *Boslow* v. *Rosenbaum & Co.*, 120 Misc. Rep. 59, 197 N. Y. S. 622. It readily is seen that such statute is different from our statute. Hence, the cited case of *Arrow Piece Dyeing & Finishing Co.* v. *Gallagher,* is not as we think of much aid.

The case of *Gibbons* v. *Skinner* involved a statute more nearly like out statute. The defendant cites it in support of his contention. In substance, the statute there was that a plaintiff in an action as there involved was entitled to costs "upon the rendering of a judgment in his favor," and that the defendant in such action was entitled to costs "unless the plaintiff is entitled to costs." Said course in the Gibbons Case:

"Under section 3228, Code of Civil Procedure, a plaintiff is entitled to costs in an action like the present only 'upon the rendering of a judgment in his favor.' By section 3229 the defendant is entitled to costs in such an action 'unless the plaintiff is entitled to costs.' In the present case no final judgment was rendered in favor of plaintiff, and he was not therefore entitled to costs. Consequently, the defendant was so entitled. The test afforded by the Code is the fact of the rendition of a judgment in favor of plaintiff, and the fact that defendant was unsuccessful in sustaining a counterclaim is immaterial."

To the same effect is the case of *Dows & Co*. v. *Glaspel*, 4 N. D. 251, 60 N. W. 60, 66. The court there said:

"The trial court erred, however, in refusing costs to defendant. Plaintiffs, having failed to establish their cause of action, were not entitled to costs; and in all cases in which the plaintiff is not entitled to costs the defendant recovers costs as a matter of course. His rights do not depend upon his sustaining a counterclaim which he may have interposed. It depends solely upon his preventing a recovery of costs by the plaintiff. Had defendant set up no counterclaim, there would have been no doubt about his right to costs. He is in no worse position because he did interpose a counterclaim, and failed to sustain it."

While the statute in the last two cases referred to is somewhat different from our statute, yet, as it seems to us, the reasons given in such cases, why the defendant and not the plaintiff was entitled to costs, sustain the contention of the defendant in the case in hand. In the case of *Lykins* v. *Hamrick*, 144 Ky. 80, 137 S. W. 852, 854, where a denial and a counterclaim were interposed to the complaint of the plaintiff and where, by the verdict of the jury, neither recovered, the holding was that the defendant was entitled to costs. The statute there (Ky. St. § 889), so far as it appears by the opinion, was that "the party succeeding in any ordinary action, on the merits or otherwise, shall recover his costs." Thereunder, it was held that the defendant and not the plaintiff succeeded in the action, and hence the defendant was entitled to his costs. Said the court: "Lykins was the plaintiff in the action, and did not succeed. Hamrick, the defendant, did succeed for he defeated the action. A party who defeats an action by a counterclaim is as much entitled to his cost as a party who defeats it by any other defense"—citing *Mori* v. *Howard*, 143 Ky. 480, 136 S. W. 904, and *Shannon* v. *Stratton*, 144 Ky. 26, 137 S. W. 850.

Other cases are cited, *Ozias* v. *Haley*, 141 Mo. App. 637, 125 S. W. 556, where a verdict was rendered in favor of the plaintiff for $1,250 and in favor of the defendant on his

counterclaim for $2,000, and where it was held that a judgment in favor of the defendant for $750 and costs awarded to him was proper. To that effect also is the case of *Shelley* v. *Hart*, supra; *Hall* v. *Clayton*, 42 Iowa 526, where the plaintiff recovered on his complaint and the defendant on his counterclaim, but the amount recovered by the plaintiff exceeded the amount recovered by the defendant, and hence the plaintiff was given costs; *Davis* v. *Hurgren*, 125 Cal. 48, 57 P. 684, where the plaintiff recovered nothing on his complaint, and the defendant one dollar on his counterclaim, and where it was held the defendant was the prevailing party, and hence was entitled to his costs.

The correctness of the rulings in such cases may well be conceded, but since they involve situations somewhat different from that here involved, we think they do not aid either party, except language used in *Davis* v. *Hurgren*, which to some extent supports the contention of the defendant.

Since the allowance of costs is wholly statutory and can be allowed only as pointed out by the statute, and which must be strictly pursued (*Houghton* v. *Barton*, 49 Utah 611, 165 P. 471), and since, as has been seen, in an action for the recovery of money or damages, the court is given no discretion to divide or apportion costs, but is required to give costs to the prevailing party, it is our opinion, in a case where both a denial and a counterclaim is interposed to the complaint and on a trial on the merits neither party is found entitled to recover, that, in awarding costs, the better rule is as stated by the Minnesota court and which, as we think, is supported by *Gibbons* v. *Skinner*, supra, *Dows & Company* v. *Glaspel*, supra, and *Lykins* v. *Hamrick*, supra, and hence, the defendant in the court below properly was regarded the prevailing party, and entitled to costs. We think the reasons given by such courts are more persuasive than those given by the Massachusetts courts. There can be but one prevailing party in an action at law

to recover a money judgment. *Ozias* v. *Haley,* supra. Under statutes similar to ours, and where no discretion is given to apportion or divide costs, the trend of judicial opinion is to regard him the prevailing party, who in the end and on the entire case, no matter how diverse the issues of the nature of them, is entitled to judgment. *United States* v. *Minneapolis Ry. Co.* (D. C.) 235 F. 951; *Empire State Surety Co., etc.* v. *Moran Bros. Co.,* 71 Wash. 171, 127 P. 1104; *Nowogroski* v. *Southworth,* 100 Wash. 336, 170 P. 1011. By the verdict rendered, the plaintiff clearly on the entire case was not entitled to judgment, and none was or could have been entered for him. Thus, on the entire case, he was not the prevailing party. The defendant defeated plaintiff's cause. He did not do it by his counterclaim. He lost on that. He defeated it or the plaintiff was defeated on the issue joined by the general denial or the plea of contributory negligence, or by both. So, independently of the counterclaim, the plaintiff who instigated the litigation was driven out of court, "no cause of action," just as effectually as though no counterclaim had been interposed. The defendant failing to recover anything on the counterclaim, it, as said by some of the courts, became immaterial, for it was not that which caused the plaintiff to lose or the defendant to win. Hence, on the entire case, the plaintiff lost and the defendant won, and thus the latter and not the former was the prevailing party entitled to judgment and to costs.

The judgment of the court below is therefore affirmed, with costs to the defendant.

CHERRY, C.J., and FOLLAND and EPHRAIM HANSON, JJ., concur.


ELIAS HANSEN, J. (dissenting).

I am of the opinion that the rule announced by the Supreme Court of Massachussetts is suported by the better reasoning, and should be followed in this jurisdiction. Both

the plaintiff and the defendant are actors in this action. Each denies that he was negligent, and each alleges that the collision was caused by the negligence of the other. The mere fact that one is designated as the plaintiff and the other as the defendant should make no difference. If the position of the parties were reversed, the issues would not be changed. In order to dispose of the issues raised by the pleadings, two verdicts were necessary. Upon plaintiff's complaint and defendant's answer thereto, the verdict was in favor of the defendant and against the plaintiff, no cause of action. On defendant's cross-complaint or counter-claim and plaintiff's answer thereto, the verdict was in favor of the plaintiff and against the defendant, no cause of action. Thus, neither party may be said to have prevailed in securing any affirmative relief, and each party prevailed in warding off a judgment in favor of the other. The nature of the relief sought by each against the other is identical. To prevail, the plaintiff must establish as a fact that he was free from blame, and that the injury which he sustained was caused by the negligence of the defendant. So, also, in order to prevail, the defendant must establish as a fact that he was free from blame, and that the injury which he sustained was caused by the negligence of the plaintiff. Under the issues raised by the pleadings in the instant case, any one of three results were possible. A money judgment in favor of plaintiff and against the defendant, a money judgment in favor of defendant and against the plaintiff, a judgment that neither was entitled to recover from the other. Obviously, if either party had secured a money judgment against the other, the one securing the judgment would have prevailed; but, as each failed to secure such a judgment, each to that extent was the losing party. There is no reason why a legal contest the same as any other contest may not result in a draw. The result of the litigation in this case was a draw. Costs are allowed only by virtue of statutory provisions, and, as no provision is made by our statute in actions such as this, in case of a draw, the courts

are not authorized in awarding costs. The only party entitled to costs is the party who prevails. When the result of litigation is a draw, there is no prevailing party.

Nor do I see any justification for holding that the plaintiff should be penalized because he was the first to resort to the courts for redress. It is said in the Minnesota decision that if the plaintiff had not begun his action the defendant may not have resorted to the courts for redress. Conceding such to be possible, or even likely, why should that fact affect the question of who should pay costs. There is nothing in the statute which justifies the imposition of costs upon the plaintiff merely because the action was begun by him. The sole test is which party prevailed in the action. To say that one should be required to pay costs merely because he was the first to bring the action would be reading something into the statute which is neither expressed or implied by the language used.

It is further said that it makes no difference how plaintiff's claim is defeated, whether it be by an answer or a cross-complaint or a counterclaim. It may well make considerable difference when it comes to the question of costs. A fee is charged for the filing of the cross-complaint or counterclaim. Not so in the case of filing an answer. When defendant seeks affirmative relief, it may well be, and usually is, necessary to call witnesses, and thus incur costs in establishing the amount of damages which the defendant seeks to recover from the plaintiff. No such costs are incurred where the defendant merely seeks to ward of plaintiff's claim.

I am thus of the opinion that neither the plaintiff nor the defendant should have been awarded costs in the court below, and that the judgment for costs should be reversed, and plaintiff awarded his costs on appeal.