# SWARTSEL v FORD MOTOR COMPANY
## Case No. 87-0171CA
Sixth Judicial Circuit, Pasco County

December 12, 1989

### APPEARANCES OF COUNSEL

**Bruce E. Przepis,** for plaintiffs.

**Jeffrey N. Kramer,** for defendant.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

*ORDER DENYING PLAINTIFF'S MOTION TO TAX COSTS*
*AND DENYING DEFENDANT'S MOTION TO TAX COSTS*

THIS MATTER is before the Court on Motions to Tax Costs by plaintiffs and defendant. Plaintiffs brought suit under Chapter 681, Florida Statutes, (The Lemon Law), alleging damages for a non-conforming vehicle. Defendant counterclaimed that plaintiffs had brought suit in bad faith. The jury returned a verdict for the defendant on the breach of warranty claim and for the plaintiff/counter-defendant, on the bad faith counterclaim.

This precise issue involved here is the right to costs where judgment is against plaintiffs on their complaint and against the defendant on its

counterclaim. Costs are generally recoverable only by virtue of statutory authority. Florida's Motor Vehicle Sales Warranties law states:

> A consumer may file an action to recover damages caused by a violation of this chapter. The court shall award a *consumer* who prevails in such action the amount of any pecuniary loss, litigation costs, reasonable attorney's fees, and appropriate equitable relief. (Emphasis added.)

681.112, Florida Statutes (1989). Thus, a plaintiff consumer who prevails may be awarded costs. Florida's Motor Vehicle Sales Warranties law also states:

> Any claim by a consumer which is found by the court to have been filed in bad faith or solely for the purpose of harassment, or in complete absence of a justiciable issue of either law or fact raised by the consumer, shall result in the *consumer* being liable for all costs and reasonable attorney's fees incurred by the manufacturer, or its agent, as a direct result of the bad faith claim. (Emphasis added.)

The issue presented has resulted in a split among jurisdictions as to the proper outcome. The so-called Massachusetts-New Jersey rule states that where the verdict is in favor of a defendant on the complaint and in favor of the plaintiff on the counterclaim, neither party is entitled to costs as to the prevailing party. *Checketts v Collings,* 1 P.2d 950 (Utah, 1931). In *Checketts,* the Utah Supreme Court pointed out that both the New Jersey and Massachusetts opinion supporting that rule were based on statutory authorization for awarding costs to the prevailing party.

The so-called Minnesota rule, on the other hand, reasons that because plaintiff has the principal burden of proving his complaint, if he fails in that burden and obtains nothing, he cannot be the prevailing party just because the defendant did not succeed in a counterclaim. The counterclaim would not exist but for the complaint. The defendant, had he been let alone, would not have brought the counterclaim. The Minnesota rule, therefore, awards costs to the defendant as the prevailing party on the complaint.

Although the cases differ as to who is the prevailing party where judgment is against the plaintiff on the complaint and against the defendant on the counterclaim, all courts point out the need to strictly follow the statutory scheme in questions involving taxing costs.

The Florida statute cited above, unlike statutes which award costs to the *prevailing party,* awards costs to a *plaintiff* if he prevails, and to the *manufacturer* if it prevails on its bad faith claim. This Court finds

that neither party has fulfilled the statutory requirement and, therefore, neither party is entitled to costs.

ORDERED AND ADJUDGED that the plaintiffs' Motion to Tax Costs is hereby denied, and it is further

ORDERED AND ADJUDGED that the defendant's Motion to Tax Costs is hereby denied.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 12th day of December, 1989.