34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CARILLON SQUARE, Plaintiff-Counter-Defendant-Appellee,
v.
ERNST HOME CENTER, INC., Defendant-Counter-Claimant-Appellant.
 No. 93-4218.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I. Facts
 
 2
 Appellant Ernst Home Center appeals from the district court's final order denying its post-judgment motion for attorney fees and costs. The facts of this case are as follows: Ernst operated a home improvement store in a shopping center owned by Carillon Square in Orem, Utah. In January 1992, Ernst notified Carillon Square that it intended to vacate the premises and to find a subtenant to take its place. Ernst located a subtenant called Michael's Stores, Inc., and Ernst requested Carillon Square's approval of the sublease in accordance with the terms of its lease with Carillon Square. Carillon Square denied approval of the subtenant. Ernst moved out of the Carillon Square premises in January 1992, but continued paying the rent due under its lease. On May 15, 1992, Carillon Square filed a complaint against Ernst in Utah state court. In that complaint, Carillon Square raised three arguments: that Ernst had breached the lease; that because of the breach, Carillon Square was entitled to retake possession of the premises; and that Carillon Square was entitled to recover the remaining rent payments due from Ernst under the lease, less any rent received as a result of re-letting the space. Ernst removed the action to the United States District Court for the District of Utah on June 19, 1992. Seven days later, Ernst filed its answer.
 
 
 3
 On October 8, 1992, Ernst, upon learning that Carillon Square had begun negotiating directly with Michael's Stores to lease different space in the Carillon Square shopping center, filed a counterclaim against Carillon Square, alleging that Carillon Square had breached the lease by unreasonably refusing to approve the sublease to Michael's Stores, that Carillon Square had breached the covenant of good faith and fair dealing contained in the lease by refusing to approve the sublease, and that Carillon Square had tortiously interfered with the prospective economic relationship between Ernst and Michael's Stores. Carillon Square ultimately consented to the sublease to Michael's Stores in September 1992. As a result of the sublease, Michael's Stores will pay a total of $528,477 more in rent to Ernst than Ernst owes under its lease with Carillon Square.
 
 
 4
 On May 14, 1993, Ernst made an offer of judgment pursuant to Fed.R.Civ.P. 68, in the amount of $50,000. The offer was declined, and the case went to trial. At the conclusion of the trial, the district court entered its Findings of Fact and Conclusions of Law. The court held that Ernst had not breached the lease, that Ernst had the right to sublet the premises to any commercially reasonable tenant, that Michael's Stores was such a reasonable tenant, and that the lease between Ernst and Carillon Square remained in full force and effect. (Appellant's App. at 117-18.) The district court thus ruled against Carillon Square on each of its claims against Ernst.
 
 
 5
 With respect to Ernst's counterclaims, the court ruled that Carillon Square had acted reasonably in processing the request for approval of Michael's Stores as Ernst's subtenant. Thus, the court implicitly ruled against Ernst on the first two of its counterclaims. While the district court found that Carillon Square had undertaken its negotiations with Michael's Stores with full knowledge of the proposed economic relationship between Michael's and Ernst and with knowledge that Ernst would be damaged if Carillon Square succeeded in convincing Michael's to lease another location in the shopping center, the district court did not explicitly rule on Ernst's counterclaim for interference with economic relationships.
 
 
 6
 The district court held that neither Carillon Square nor Ernst was entitled to damages from the other, and that each party should bear its own costs. The district court also stated, however, that nothing in its order would prevent Ernst from applying for its costs and attorney fees based upon the offer of judgment it filed pursuant to Fed.R.Civ.P. 68. (Appellant's App. at 119.)
 
 
 7
 After the district court entered its final order in the matter, Ernst filed its motion for attorney fees and costs. The motion was founded both on Rule 68 and on a contractual provision in the lease between Ernst and Carillon Square. Rule 68 provides that:
 
 
 8
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money ... specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
 
 
 9
 Fed.R.Civ.P. 68 (emphasis added). With respect to Ernst's motion for attorney fees and costs based on its offer of judgment under Rule 68, the court concluded that, since no money damages were awarded and because "all parties prevailed to a certain extent" (Appellant's App. at 205), the court could not determine whether the award given was more or less favorable than the offer. Accordingly, the court held that Ernst was not entitled to its costs and attorney fees under Rule 68.
 
 
 10
 The contractual provision on attorney fees contained in Paragraph 21 of the lease between Ernst and Carillon Square stated as follows:
 
 
 11
 If either party hereto be made or shall become a party to any litigation commenced by or against the other involving the enforcement of any of the rights or remedies of such party, or arising on account of the default of the other party in its performance of any of the other party's obligations hereunder, then the prevailing party in such litigation shall receive from the other party all costs incurred by such party in such litigation, plus reasonable attorney's fees to be fixed by the court and together with interest thereon at the rate of ten percent from the date of judgment until paid.
 
 
 12
 (Appellant's App. at 32-33) (emphasis added). The district court concluded that neither Carillon Square nor Ernst was the "prevailing party" because Carillon Square had succeeded in demonstrating the reasonableness of its actions and Ernst had successfully demonstrated its compliance with the lease. The court also held that the instant dispute was outside the coverage of the above contractual language.
 
 II. Discussion
 
 13
 The district court's decision regarding an award of attorney fees is reviewed for an abuse of discretion, and underlying factual findings are reviewed under the clearly erroneous standard. Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 323 (10th Cir.1994). However, we review de novo any statutory interpretation or other legal analysis underlying the district court's decision. Id.; Hoyt v. Robson Cos., Inc., 11 F.3d 983, 984 (10th Cir.1993). In a diversity action, a party's right to attorney fees under a contract is determined by reference to state law, here, the law of Utah. Oulds v. Principal Mutual Life Ins. Co., 6 F.3d 1431, 1445 (10th Cir.1993). Under Utah law, attorney fees are awardable only if provided for by statute or by contract. Occidental/Nebraska Fed. Sav. v. Mehr, 791 P.2d 217, 221 (Utah App.1990). "Where there was a right to attorney fees, Utah courts have allowed the party who successfully prosecuted or defended against a claim to recover the fees attributable to those claims on which the party was successful." Id. (emphasis added).
 
 
 14
 While it is true that Ernst did not succeed in its counterclaims against Carillon Square, it did successfully defend against each of Carillon Square's claims. As noted above, those claims were that Ernst had breached the lease by failing to conduct a home improvement business on the leased premises; that in failing to do so, Ernst was in default under the lease and Carillon Square was entitled to retake possession of the premises; and that Carillon Square was entitled to recover the full remaining rent under the lease with Ernst. The district court specifically denied each of these claims. Consequently, under Utah law, Ernst was entitled to attorney fees and costs in accordance with the lease provision for those fees and costs attributable to its successful defense of Carillon Square's claims.[2] The fact that Ernst did not prevail on its counterclaims is immaterial. Checketts v. Collings, 1 P.2d 950, 953 (Utah 1931). But cf. Mountain States Broadcasting Co. v. Neale, 783 P.2d 551, 556 n. 9 (Utah Ct.App.1989) (questioning, in dictum, the continuing validity of Checketts ). The district court therefore erred in denying Ernst's motion for those attorney fees and costs.[3]
 
 
 15
 In light of the district court's ruling, no hearing was held to determine the amount and reasonableness of Ernst's attorney fees and costs attributable to its successful defense of Carillon Square's claims. We must therefore remand for a determination of the amount due Ernst as a result of that defense. Ernst is also entitled under Utah law to its reasonable attorney fees and costs incurred as a result of this appeal. Management Services v. Development Assoc., 617 P.2d 406, 408-09 (Utah 1980); Schuman v. Green River Motel, 835 P.2d 992, 998 (Utah App.1992); Albert T. Smith Co. v. Albertson's, Inc., 826 F.Supp. 1299, 1301 (D. Utah 1993). This amount must also be determined on remand.
 
 
 16
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Ernst does not contend that it is entitled to its attorney fees for the prosecution of its counterclaims against Carillon
 
 
 [3]
 The district court correctly denied Ernst's motion for costs pursuant to Fed.R.Civ.P. 68, albeit for the wrong reason. The district court held that, because no money damages were awarded, the court could not determine whether the award was more or less than the offer of judgment. (Appellant's App. at 3.) Manifestly, the award of no damages was less than the offer of $50,000. The correct reason why Ernst is not entitled to costs under Rule 68 is because Rule 68 is only applicable where there is a judgment in favor of the plaintiff, here Carillon Square, but in an amount less than the offer. Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981); Fry v. Board of County Comm'rs of Baca, 7 F.3d 936, 943 (10th Cir.1993). Here, there was no judgment in favor of the plaintiff on its claims; rather, the district court ruled against Carillon Square on each of its claims. Accordingly, Rule 68 does not provide grounds for an award of costs