572 A.2d 227

**COMMONWEALTH of Pennsylvania ex rel M.D.**

v.

**M.D. and I.D., H/W.**

**Appeal of G.F.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed March 27, 1990.

Paul Sotak, Scranton, for appellant.

Peter C. Povanda, Scranton, for M.D. & M.D., participating party.

Holly O'Connor, Scranton, for J.F., participating party.

Before McEWEN, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge:

Appellant is the natural mother of J.F. who was born on June 9, 1976, and who resides with her father and his wife, M.D. Litigation between the parties, including the paternal grandparents, concerning J.F. has been extensive and lengthy.[1] On March 25, 1982, the master issued a report and recommendation that appellee father receive custody of J.F. with appellant having liberal visitation privileges. Exceptions to the master's report were filed but dismissed by the court on October 6, 1982, and an appeal was taken. On March 15, 1985, this Court affirmed the trial court's Order of October 6, 1982, *Commonwealth ex rel M.D. v. M.D. and I.D.*, 343 Pa.Super. 621, 494 A.2d 488 (1985), and eight months later, on November 15, 1985, appellee and his wife petitioned for the involuntary termination of appellant's parental rights. Appellant had not had contact with her daughter from October, 1982, through the time of the father's petition even though she had been granted visitation rights. After the petition for involuntary termination

---

**1.** This Court affirmed the trial court's Order of May 25, 1988, terminating appellant's parental rights under 23 Pa.C.S. § 2511(a). *See* companion case of *In re: Adoption of J.F.*, 392 Pa.Super. 39, 572 A.2d 223 (1989).

of parental rights was filed, however, appellant obtained counsel and, through him, requested visitation with J.F. Appellant's request was denied at that point and she filed a motion for contempt and request for special relief, claiming appellee failed to comply with the court Order granting her visitation rights. The court denied the petition on January 22, 1986, but scheduled a hearing on the matter which was later continued because the court had already begun hearing testimony concerning the termination of appellant's parental rights. The court decided it could make a determination as to visitation based upon the testimony presented on the termination issue. On July 2, 1986, a stipulation was signed by counsel for both parties wherein counsel for appellee acknowledged visitation had been denied based upon the filing of the petition to terminate parental rights. Following the court's Order terminating appellant's parental rights, the court denied appellant's motion for contempt and request for special relief by Order of June 27, 1989.

Appellant now appeals this Order, raising ten issues:

1. Did the court err in its opinion and order denying the motion for contempt thereby allowing parties to refuse visits contrary to an order of court which was allegedly justified because an involuntary termination petition was filed?

2. Did the court err in its opinion and order justifying non compliance of an existing order based solely on the best interests of the child where there was no modification of said prior order?

3. Is the opinion and order contrary to the evidence where the court had no evidence to show a material change to allow an open violation of an order of court and no modification of said order but still allowed parties not to comply with same even when there was a stipulation signed as to certain specific facts admitting the refusal to allow visits?

4. Did the court err in refusing to sequester M.D. as a witness?

5. Did the court err in allowing M.D.'s attorneys the right to jump up as they pleased throughout the proceedings and enter objections to the unfair disadvantage of G.F.?

6. Did the court err in not allowing relevant questions as to other attempts to see J.F. and the denial of visits they had when they went to see the said child?

7. Did the court err in not allowing relevant evidence to show bias and hostility of M.D. towards G.F.?

8. Did the court err in repeatedly allowing attorneys for M.D. to ask questions about G.F.'s effort to get the child returned to her?

9. Did the court err in its opinion and Order in that same was made upon a capricious disbelief of competent and credible evidence and not based on competent evidence?

10. Did the court err in that the opinion and order are contrary to the law in that it has allowed parties to violate a custody order without any finding of a material change in circumstances and without any modification of said order?[2]

 Appellant's issues can be condensed into one basic argument: the court erred in denying her motion for contempt when appellee willfully denied her the right to see J.F. even though a court Order gave her that right. The trial court, in an effort to protect the child, held appellant's visitation rights in abeyance until the termination proceedings were resolved. The court found no reason to force visitation as appellant had not exercised her visitation rights at all since the 1982 Order granting her visitation, and she did not seek visitation until two months after the termination petition had been filed by appellee. We find the trial court acted properly in this situation and we affirm the Order of June 27, 1989.

2. Issues 4–9 are identical to six of the issues raised in *In re: Adoption of J.F., supra.* As we said in that Opinion, we find no reversible error on the part of the trial court in its rulings concerning the procedure and conduct of the hearings.

Appellant claims her case is on point with *In Interest of Patricia S.*, 326 Pa.Super. 434, 474 A.2d 318 (1984), wherein the question was presented whether the Orphans' Court had exclusive jurisdiction to determine the custody of a child who was the subject of an adoption proceeding. Patricia S. was in the custody of a foster mother at the time her father petitioned to have custody returned to him. The court ordered the children and youth services office to implement a plan to return Patricia to her father. The foster mother filed a petition with the court claiming she had subsequently commenced adoption proceedings in the Orphans' Court, therefore, the Orphans' Court had exclusive jurisdiction over Patricia's custody and the trial court should continue the case presented by father until the adoption proceedings in Orphans' Court were completed.

Actually, this case lends more support to the trial court's Order denying appellant's motion for contempt than it does appellant's position. In *Patricia S.*, we denied the foster mother's claim because her intent was obvious in filing the adoption proceeding:

> [W]e note that if we were to decide the case as appellant urges, we would do real damage to the operation of the Juvenile Court and the laws it administers. This action began in Juvenile Court with the aim of reuniting Patty with her father. Only a few weeks before that contemplated result was to be achieved appellant sought to derail the proceedings. We cannot permit attempts like that made in this case to interfere with an ongoing proceeding.

*Id.*, 326 Pa. Superior Ct. at 439, 474 A.2d at 320.

This reasoning may also be applied in the instant case. Appellant had no contact with her daughter for three years prior to the filing of the petition to terminate her parental rights. Two months after the petition is filed and hearings are scheduled on the matter, appellant attempts to enforce her visitation rights which had been granted three years earlier. Under these circumstances, the trial court could not force visitation but properly decided to wait and see if the father had grounds to seek termination; if he did, visitation privileges would become a nullity once appellant's

parental rights were terminated. The court had to consider the best interests of J.F. in this situation and we find the court came to the correct conclusion, given the dynamics of the situation. In view of the fact the visitation Order was coterminous with a termination proceeding, this case benefits by analysis and comparison with *In re Adoption of Hamilton*, 379 Pa.Super. 274, 549 A.2d 1291 (1988). In that case, post-abandonment behavior of the father, in relation to the termination proceeding, was carefully considered by this Court. It was determined that the father's behavior was steady and consistent over a period of time indicating a serious interest on the part of the father to recultivate a parent-child relationship and a demonstrated willingness and capacity to undertake the parental role. Because the evidence clearly established the parental interest, the termination decree was vacated on a finding the trial court abused its discretion. Such is not the case here.

■ Following the finding by the trial court that termination was in the best interest of the child, resulting in the Order of May 25, 1988, terminating appellant's rights, the issues presented in this appeal concerning enforcement of the visitation stipulation and alleging appellee to be in contempt for refusing visitation and the court's action in suspending visitation, are rendered moot. By analogy, this case may be decided on the principle flowing from *In re D.K.W.*, 490 Pa. 134, 415 A.2d 69 (1980). There, the Supreme Court held that termination of the natural mother's rights under the Adoption Act rendered the issue of custody under the Juvenile Act moot[3] and it was unnecessary to make an adjudication of dependency to enable a grant of legal custody to an appropriate agency or individual. Termination forecloses any further consideration of derivative parental rights of the parent whose rights are terminated, and ancillary proceedings regarding those rights become

3. The termination of appellant's parental rights was affirmed by this Court in *In re Adoption of J.F.*, 392 Pa.Super. 223, 557 A.2d 223 (1990).

irrelevant. The Order of the trial court in this matter must, therefore, be affirmed.

Order affirmed.